UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AMANDA S.
  o/b/o A.L.S. (a minor),

           Plaintiff,

v.                                        1:21-CV-0552 (ML)

COMMISSIONER OF SOCIAL
SECURITY,

           Defendant.
_____

APPEARANCES:                                 OF COUNSEL:

OLINSKY LAW GROUP                   JULIE ATKINS, ESQ.
  Counsel for the Plaintiff
250 South Clinton Street - Suite 210
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION      AMELIA STEWART, ESQ.
  Counsel for the Defendant                     Special Assistant U.S. Attorney
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER

      Currently pending before the Court in this action, in which Plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1]  Oral

---

[1]     This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18.  Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

argument was heard in connection with those motions on August 25, 2022, during a telephone conference conducted on the record.  At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1)	Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is DENIED.

2)	Defendant's motion for judgment on the pleadings (Dkt. No. 12) is GRANTED.

3)	The Commissioner's decision denying Plaintiff Social Security benefits is AFFIRMED.

4)	Plaintiff's Complaint (Dkt. No. 1) is DISMISSED.

5)	The Clerk of Court is respectfully directed to enter judgment, based upon this determination, DISMISSING Plaintiff's Complaint in its entirety and closing this case.

Dated: September 1, 2022
       Binghamton, New York

_____
Miroslav Lovric
United States Magistrate Judge
Northern District of New York

```
UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK
_____
S

vs.                                  1:21-CV-0552

COMMISSIONER OF SOCIAL SECURITY



_____




                    DECISION AND ORDER


                    August 25, 2022


           The HONORABLE MIROSLAV LOVRIC,

              DISTRICT MAGISTRATE JUDGE




                  A P P E A R A N C E S


For Plaintiff:      JULIE ATKINS, ESQ.


For Defendant:      AMELIA STEWART, ESQ.


                    Ruth I. Lynch, RPR, RMR, NYSRCR
                    Official United States Court Reporter
                      Binghamton, New York  13901
```

1  THE COURT: All right, the Court begins its
2  decision here on the record by stating as follows:
3  First, plaintiff, on behalf of her minor daughter,
4  the minor daughter being identified by initials A.L.S., and
5  who will be referred to as the claimant; so the plaintiff on
6  behalf of the minor daughter claimant in this matter has
7  commenced this proceeding pursuant to Title 42 United States
8  Code Sections 405(g) and 1383(c) to challenge the adverse
9  determination by the Commissioner of Social Security finding
10  that claimant was not disabled at the relevant times and
11  therefore ineligible for the benefits that she sought.
12  By way of background, the Court states as follows:
13  Claimant was born in 2010. She is currently approximately
14  11 years of age. She was approximately 7 years old on
15  February 20th of 2018, the date the application was filed.
16  As of the date of the administrative hearing on
17  July 23rd of 2019, claimant attended elementary school, was
18  active in track, enjoyed swimming, and played recreational
19  soccer. As of May 15th of 2018, claimant was approximately
20  4 feet 3 inches in height and weighed approximately 58
21  pounds.
22  Procedurally the Court states as follows:
23  Claimant applied for Title 16 benefits on
24  February 20th of 2018 alleging an onset date of January 1st,
25  2011.

1      Administrative Law Judge David F. Neumann
2  conducted a hearing on July 23rd, 2019, to address
3  claimant's application for benefits.  ALJ Neumann issued an
4  unfavorable decision on October 2nd, 2019.  That became a
5  final determination of the agency on June 26 of 2020, when
6  the Social Security Administration Appeals Council denied
7  plaintiff's application for review.
8      On September 2nd, 2020, plaintiff requested an
9  extension of time to file her appeal.  On April 8th of 2021
10 the Appeals Council granted plaintiff an extension.
11     This action was commenced on May 12th of 2021, and
12 it is therefore timely.
13     In his decision, ALJ Neumann applied the
14 three-step sequential evaluation to determine whether
15 claimant, an individual under the age of 18, is disabled
16 pursuant to 20 CFR Section 416.924(a).
17     At step one, the ALJ concluded that claimant had
18 not engaged in substantial gainful activity since
19 February 20th of 2018, the application date.
20     At step two, the ALJ concluded that claimant
21 suffers from severe impairments that impose more than a
22 minimal functional limitation, specifically constipation,
23 enuresis, history of lead poisoning, speech and language
24 delay, and behavioral concerns.
25     At step three, ALJ Neumann concluded that

1   claimant's impairment or combination of impairments do not
2   meet or medically equal the severity of one of the listed
3   impairments in 20 CFR Section 404, subpart P, appendix 1,
4   and the ALJ focused on listings 105.00, dealing with
5   digestive system disorders; listing 106.00, focusing on
6   genitourinary disorders; and listing 112.00, focusing on
7   mental disorders.  In addition, the ALJ found that claimant
8   does not have an impairment or combination of impairments
9   that functionally equals the severity of listings found at
10  209 CFR sections 416.924(d) and 416.926(a).  More
11  specifically, the ALJ found that claimant, one, has a less
12  than marked limitation in acquiring and using information;
13  two, has a less than marked limitation in attending and
14  completing tasks; three, has a less than marked limitation
15  in interacting and relating with others; and, four, has no
16  limitation in moving about and manipulating objects.  And I
17  should say that was four, has no limitation in moving about
18  and manipulating objects.  Five, has a less than marked
19  limitation in the ability to care for herself; and, six, has
20  a less than marked limitation in health and physical
21  well-being.  As a result, the ALJ found that claimant's not
22  been disabled as defined in the Social Security Act since
23  February 20th, 2018, the date the application was filed.
24          Now, as the parties know, the Court's functional
25  role in this case is limited and extremely deferential.  I

1   must determine whether correct legal principles were applied
2   and whether the determination is supported by substantial
3   evidence, defined as such relevant evidence as a reasonable
4   mind would find sufficient to support a conclusion.  As the
5   Second Circuit noted in Brault V. Social Security
6   Administration Commissioner, found at 683 F.3d 443, a 2012
7   case, the Circuit therein indicated the standard is
8   demanding, more so than the clearly erroneous standard.  The
9   Court also noted in Brault that once there is a finding of
10  fact, that fact can be rejected only if a reasonable
11  fact-finder would have to conclude otherwise.
12          Now, plaintiff in this case raises one contention
13  on appeal.  Plaintiff argues that the ALJ's determination
14  that claimant did not experience an impairment or
15  combination of impairments that resulted in either marked or
16  extreme limitations in the following four domains was not
17  supported by substantial evidence:  First, the domain of
18  attending and completing tasks; two, the domain of
19  interacting and relating with others; three, the domain of
20  caring for oneself; and, four, the domain relating to health
21  and physical well-being.
22          The Court's analysis, I begin as follows:  For
23  most of the reasons set forth in defendant's brief, I find
24  that the ALJ properly evaluated the functional domains and
25  determined that claimant had less than marked limitations in

1   the four functional domains at issue before this Court.
2           At the outset I note that defendant's brief
3   focused on the functional domains as follows:  One,
4   acquiring and using information; two, interacting and
5   relating with others; three, caring for oneself; and, four,
6   health and physical well-being.  It appears as though
7   defendant inadvertently focused on the domain acquiring and
8   using information which was not challenged by plaintiff on
9   appeal and failed to thoroughly discuss the domain of
10  attending and completing tasks which was challenged by
11  plaintiff on appeal.  The Court notes as follows, though:
12  Defendant did properly and correctly list the basis for
13  plaintiff's appeal.  See docket number 12 at 8.  But then in
14  the analysis part seems to mix up with functional domains --
15  which functional domains were at issue.
16          The Court notes that despite this divergence it is
17  clear to the Court that the ALJ properly evaluated the
18  functional domain of attending and completing tasks.  The
19  domain of attending and completing tasks is focused
20  principally on assessing the degree to which a child can
21  focus and maintain attention and begin, carry through, and
22  finish activities.  See Archer ex rel J.J.P. versus Astrue
23  at 910 F.Supp Second Circuit at 411 -- excuse me, F.Supp.2nd
24  at 411, and that's found at pages 424 to 425, and that's a
25  Northern District New York 2012 case by J. Young.  And that

```
 1   case is quoting 20 CFR Section 416.926a(h).  According to
 2   the regulations, a normal functioning school-age child
 3   should be able to focus her attention in a variety of
 4   situations in order to follow directions, remember and
 5   organize her school materials, complete classroom and
 6   homework assignments, change activities or routines without
 7   distracting herself or others, participate in group sports,
 8   and read by herself.  See 20 CFR Section 416.926a(h)(2)
 9   subsection 4.
10            With respect to the ALJ's finding that claimant
11   has less than marked limitation in attending and completing
12   tasks, the Court notes as follows:  The ALJ considered the
13   medical records from claimant's well-child visit from August
14   2017 where it was noted that claimant completed kindergarten
15   in a regular education class and pre-adolescent milestones
16   were met, including the ability to complete school work.
17   See docket number 6 at 351, and that's transcript page 347.
18            The ALJ also considered education records that
19   documented claimant's progress reports from early 2018
20   indicating that she consistently demonstrated satisfactory,
21   slash, good work habits which included demonstrating
22   self-control, following directions, participating in group
23   discussions, keeping organized, working and playing with
24   others, and working independently on tasks.  See docket
25   number 6 at 434, transcript page 430.
```

1          The ALJ also noted and considered an evaluation by
2   claimant's school providers who stated that claimant has no
3   problems as follows.  So these are claimant's school
4   providers who have noted the following:
5          Claimant has no problems paying attention when
6   spoken to directly; sustaining attention during play and
7   sports activities; focusing long enough to finish assigned
8   activity or task; refocusing to task when necessary;
9   carrying out simple step instructions; waiting to take
10  turns; changing from one activity to another without being
11  disruptive; organizing own things or school materials; and
12  working without distracting self or others.  See docket
13  number 6 at 201, and that's transcript page 197.
14         In addition, claimant's school providers indicated
15  that claimant had a slight problem carrying out multi-step
16  instructions and an obvious, though not serious or very
17  serious, problem completing class and homework assignments,
18  completing work accurately without careless mistakes, and
19  working at a reasonable pace finishing on time.  See docket
20  number 6 at 201, transcript page 197.  The individual who
21  completed this evaluation with respect to claimant's
22  functioning in the attending and completing tasks domain
23  failed to identify the frequency of problem.
24         The ALJ considered a psychiatric and intelligence
25  evaluation by Dr. Hartman where he opined that claimant had

1   no more than mild difficulty following and attending to
2   instructions and sustaining concentration.  See docket
3   number 6 at 410 to 419, that's transcript pages 406 to
4   415.
5              Further, the ALJ considered a medical source
6   statement completed by Nurse Practitioner Ellen Boyle and
7   signed by the supervising physician which opined that
8   claimant had no to mild loss in attending and completing
9   tasks.  And that can be found at docket number 6 at 472 to
10  475, transcript pages 468 to 471.
11             Finally, the ALJ noted claimant's participation in
12  track and recreational soccer.
13             Thus, the ALJ supportably concluded that plaintiff
14  had less than marked limitations in the functional domain
15  attending and completing tasks.
16             Next with respect to the ALJ's finding that
17  claimant has less than marked limitation in interacting and
18  relating with others, I find that for the reasons set forth
19  in defendant's brief the ALJ properly evaluated this
20  functional domain.  The Court notes the ALJ considered inter
21  alia claimant's treatment records which reflected that she
22  demonstrated appropriate behavior at home, school, and
23  playing with friends.  See docket number 6 at 351,
24  transcript page 347.  Claimant's education records
25  indicating that she participated in group discussions and

1  worked and played well with others.  See docket number 6 at
2  196, transcript page 192.  And the ALJ considered an
3  evaluation by claimant's school providers who stated that
4  claimant has no problem with playing cooperatively with
5  other children; making and keeping friends; seeking
6  attention appropriately; expressing anger appropriately;
7  asking permission appropriately; following rules in the
8  classroom, games and sports; respecting and obeying adults
9  in authority; relating experiences and telling stories;
10 using language appropriate to the situation and listener;
11 introducing and maintaining relevant and appropriate topics
12 of conversation; taking turns in a conversation;
13 interpreting meaning of facial expressions, body language,
14 hints, and sarcasm.  And for those see docket number 6 at
15 202, transcript page 198.
16         As defendant identified, the ALJ rejected that
17 portion of Miss Grasso-Megyeri's opinion that claimant's
18 delays would likely have no impact on her educational
19 success because claimant's teachers opined that her language
20 delays had some impact on her ability to learn.  See docket
21 number 6 at 26, transcript page 22.
22         Finally, as defendant identified, plaintiff failed
23 to establish that Dr. Hartman's opinion that claimant had
24 mild to moderate difficulty maintaining appropriate social
25 behavior supports a marked limitation in this domain.  See

1  docket number 6 at 410 to 419, that's at transcript pages
2  406 to 415.
3          Thus, the ALJ supportably concluded that plaintiff
4  had less than marked limitations in the functional domain of
5  interacting with others.
6          Next with respect to the ALJ's finding that
7  claimant has less than a marked limitation in caring for
8  oneself, I find that for the reasons set forth in
9  defendant's brief the ALJ properly evaluated this functional
10 domain.  The Court notes the ALJ considered inter alia,
11 first, medical records from a well-child visit which noted
12 that claimant showed pride in her achievements.  That's
13 found at docket number 6 at 351, transcript page 347.  And
14 an evaluation by claimant's school providers who stated that
15 claimant has no problem with handling frustration; being
16 patient when necessary; caring for physical needs, for
17 example dressing and eating; identifying and appropriately
18 asserting emotional needs; responding appropriately to
19 changes in own mood, for example, calming, calming herself.
20 See docket number 6 at 204, transcript page 200.
21         The ALJ's conclusion that the evidence did not
22 support a marked or extreme limitation in this domain was
23 properly supported.
24         And with respect to the ALJ's finding that
25 claimant has less than a marked limitation in health and

```
 1   physical well-being, I find that for the reasons set forth
 2   in defendant's brief the ALJ properly evaluated this
 3   functional domain.  The Court notes as defendant identified,
 4   the ALJ found persuasive the evidence in the record that
 5   claimant improved over time with the use of Miralax; urology
 6   evaluations from September and December of 2017 which
 7   reflected improvements with structured use of laxatives and
 8   a more consistent pattern of bladder voiding.
 9           The ALJ considered an early 2018 teacher
10   assessment which noted claimant's frequent need to urinate
11   and episodes of wetting.  However, the ALJ noted that these
12   concerns were treated with physical therapy and resulted in
13   improvement in bladder control and stooling.
14           Although plaintiff highlights evidence in the
15   record that arguably supports more limited findings,
16   substantial evidence supports the ALJ's conclusions
17   regarding less than marked limitations in the functional
18   domains, one, attending and completing tasks; two,
19   interacting with others; three, carrying for oneself; and,
20   four, health and physical well-being.  The Court will not
21   reweigh the evidence, and substantial evidence supports the
22   ALJ's holdings.
23           As a result, plaintiff's motion for judgment on
24   the pleadings is denied.  Defendant's motion for judgment on
25   the pleadings is granted.  Plaintiff's complaint is
```

                                                                      13

1    dismissed.   And the Commissioner's decision denying

2    plaintiff benefits is affirmed.

3             This constitutes the Decision of the Court.

4                           - - - - -